John P. Lewis, Jr.
Texas State Bar No. 12294400
Hayward & Associates, PLLC
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
Telephone & Facsimile: 972-755-7106
Email: jplewis@haywardfirm.com

Christopher J. Moser
Texas State Bar No. 14572500
Quilling Selander Lownds Winslett & Moser, PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: 214-880-1805
Facsimile: 214-871-2111
Email: cmoser@qslwm.com

ATTORNEYS FOR WILLIAM BERRY DEAN, III
DEFENDANT/DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE:<br><br>**WILLIAM BERRY DEAN, III,**<br><br>DEBTOR. | CHAPTER 7<br><br>CASE NO. 19-31232-SGJ-7 |
| **RETICULUM MANAGEMENT, LLC,**<br><br>PLAINTIFF,<br>V<br>**WILLIAM BERRY DEAN, III,**<br><br>DEFENDANT. | ADVERSARY NO. 19-03242 |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
[RELATING TO ADVERSARY ECF DOCKET NO. 50]**

Defendant/Debtor, William Berry Dean, III ("*Debtor*"), seeks summary judgment denying the discharge objections filed by Plaintiff, Reticulum Management, LLC ("*Plaintiff*"), under Sections 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6) of the United States Bankruptcy Code (11 U.S.C. §§101, *et seq.*, "*Bankruptcy Code*") because the arbitration award in the AAA arbitration proceeding limited Plaintiff's claims (and Debtor's liability) to negligent misrepresentation and denied all of Plaintiff's fraud based claims asserted in that proceeding. Debtor is entitled to summary judgment as to Plaintiff's Section 523 discharge objections based on collateral estoppel since Plaintiff has already fully litigated (and lost) all claims that Debtor committed any fraud or acted fraudulently with respect to Plaintiff.

A.   **Full Faith and Credit Constitutionally Requires This Court to Accept the AAA Arbitration Panel's Findings and Conclusions That There was no Fraudulent Conduct**

The AAA arbitrators decided that Plaintiff only possesses claims against Debtor for negligent misrepresentation and that Plaintiff does not possess any claims for fraud, fraud by omission, or fraudulent inducement. This Court must recognize the arbitration panel's decision and the AAA arbitration award adjudicating and denying Plaintiff's fraud claims under 28 U.S.C. §1738 and the full faith and credit provisions of Article IV, Section 1 of the United States Constitution. This Court must accept the panel's decision that the only reason Debtor has any liability to Plaintiff is negligence and not intentional conduct. This Court cannot Constitutionally revive or re-create fraud claims when a state law forum/tribunal has denied those fraud claims – such action would readily exceed this Court's Constitutional authority and jurisdiction.

### B. Plaintiff's Fraud Claims Were Fully and Fairly Litigated During Three Days of Contested Hearings in the AAA Arbitration Proceeding.

Plaintiff incorrectly argues that the "facts were not fully and fairly litigated" in the AAA arbitration proceeding and therefore collateral estoppel does not apply. In the Fifth Circuit, "the requirement that an issue be 'actually litigated' for collateral estoppel purposes simply requires that the issue is raised, contested by the parties, submitted for determination by the court, and determined."[1] Here, the extensive record in the AAA arbitration proceeding (more than 900 pages of transcripts and pleadings included in Debtor's *Summary Judgment Appendix* comprising Debtor's summary judgment evidence) indisputably demonstrates that Plaintiff's claims for fraud, fraud by omission, and fraudulent inducement were raised by Plaintiff in its statement of claims, were actually contested by the parties during three days of arbitration hearings, were submitted to the arbitrators for determination, and were determined by the arbitrators in their arbitration award when they denied Plaintiff's fraud-based claims because Plaintiff had failed to prove the requisite elements of those fraud claims.

The arbitration record, and especially Plaintiff's closing argument, leaves no doubt that Plaintiff's fraud claims were fully, fairly, and actually litigated in the arbitration proceeding:

> [Ms. Pettit] As I told you in opening, I believed we would prove to you that Watters and Dean made representations that were false when made, that they failed to disclose critical information. As a result, my client relied on that and, of course, was damaged. I believe that the evidence that we've presented to the panel is sufficient on each of -- each of those items that we told you that we would prove.[2]

---

[1] *Raspanti v. Keaty* (*In re Keaty*), 397 F.3d 264, 272 (citing *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 459–60 (5th Cir.1971)).
[2] *Appendix* Page 926 [Exhibit 6, Oct. 24, 2019 Transcript, Page 850, Lines 4-11].

> [Ms. Pettit] We believe that all of the representations that were made in this case were fraudulent. To the extent that this panel is not convinced that they were fraudulent, we believe they were, at a minimum negligent.[3]

Plaintiff offers no explanation as to why it contends in its *Response* that its fraud claims were not "fully and fairly litigated" in the AAA arbitration proceeding. Instead, it merely parrots its erroneous argument that the arbitration award issued by the AAA Arbitration panel does not contain sufficient specific, subordinate factual findings for purposes of collateral estoppel. Plaintiff offers no other argument or factual support negating any of the foregoing criteria established by the Fifth Circuit for determining whether an "issue" has been actually litigated for collateral estoppel purposes. Plaintiff's argument that its fraud claims were not fully and fairly litigated in the arbitration proceeding should be rejected as lacking any factual basis or merit where, as here, the arbitration panel issued specific, written factual findings that Plaintiff had failed to prove the elements of its fraud claims.

### C. Plaintiff Misreads *Clem* and its Reliance on *Clem* is Unfounded or Misplaced

In *Grogan v Garner* the Supreme Court confirmed that issue preclusion/collateral estoppel applies to discharge exception proceedings under Section 523(a).[4] In *Recoveredge, LP v Pentecost* the Fifth Circuit held that "where the factual issue that forms the basis for the creditor's theory of nondischargeability has been actually litigated in a prior proceeding, neither the creditor nor the debtor may relitigate those grounds" – thus the appellate court in *Recoveredge* reversed the bankruptcy court's denial of debtor's discharge when a jury in a prior action had found that the debtor had not engaged in the

---

[3] *Appendix* Pages 930, 931 [Exhibit 6, Oct. 24, 2019 Transcript, Page 853, Lines 21-25].
[4] *Grogan v Garner*, 498 U.S. 279, 284 n.11 (1991).

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - Page 4**

fraud conspiracy for which his discharge was denied.[5] Clearly, state court judgments on fraud and related causes of action can have a collateral estoppel effect in subsequent bankruptcy proceedings to determine discharge of a debt under Section 523(a).[6]

In its *Response*, Plaintiff relies almost exclusively on this Court's decision in *Tomlinson v Clem*, 583 B.R. 329 (Bankr. N.D. Tex. 2017), *appeal pending* at No. 18-cv-01200 (N.D. Tex.), in opposing Debtor's requested summary judgment based on collateral estoppel. However, such reliance is unfounded and Plaintiff misreads and misapplies *Clem* when it states that *Clem* "forecloses" Debtor's collateral estoppel arguments in this case. To the contrary, a careful and attentive reading of *Clem* demonstrates why collateral estoppel precludes Plaintiff's Section 523 discharge objections against Debtor in this case.

*Clem* presented distinct and unique facts in which the arbitration panel denied plaintiffs' misrepresentation and fraud claims but granted plaintiffs' claims under the Texas Deceptive Trade Practices Act ("*DTPA*") without specifying what provisions of the "DTPA" were actually violated. Thus, the arbitration award in *Clem* did not preclude a subsequent finding by this Court that the creditors' debt was excepted from discharge under Section 523 because the debtor's conduct violating the DTPA might also satisfy the standards of Section 523 of the Bankruptcy Code. The arbitration award in *Clem* left open the possibility that the debtor's debt could be nondischargeable even though the award denied the creditors' misrepresentation and fraud claims because this Court could not determine from the award which provisions of the DTPA were violated or what

---

[5] *Recoveredge, LP v Pentecost* 44 F.3d 1284, 1294 (5th Cir. 1994).
[6] *Sheeren v Davis* (*In re Davis*), 3 F.3d 113, 116 (5th Cir. 1993).

conduct caused such violations.

This Court's ruling in *Clem* – that collateral estoppel did not apply because "the record presented to the bankruptcy court was utterly devoid of any facts that may have been fully and fairly litigated so as to make the Arbitration Panel declare DTPA violations, but no common law fraud claims" - should be confined to those unique and distinct facts. *Clem* certainly should not be extended to preclude collateral estoppel where, as here, the AAA arbitration award included specific findings and conclusions by the AAA arbitration panel, based upon an extensive and discernible arbitration record, denying Plaintiff's fraud claims:

> <u>Findings and Conclusions</u>. The panel heard, reviewed and carefully considered all the allegations, claims, defenses, evidence, legal arguments and briefs asserted or submitted by the parties, and finds and concludes that there is not sufficient evidence to establish all of the evidence of the causes of action for fraud, fraud by nondisclosure and fraudulent inducement asserted by Reticulum against Respondents or to overcome all of the defenses and legal arguments raised by the Respondents to the fraud, fraud by nondisclosure and fraudulent inducement claims. Accordingly, no relief will be granted to Reticulum on these fraud-based claims.

*Appendix* Pages 10-15 [Exhibit 2, Interim Arbitration Award, Pages 3, 4, and 5].

In *Clem*, the debtor was liable to the creditor for violating the Texas DTPA – a liability that could still be excepted from discharge under Section 523 depending upon what violations created that liability. Thus, this Court declined to apply collateral estoppel to the arbitration award because it could not ascertain from that award or the arbitration record what conduct constituted the DTPA violation imposing liability and whether that conduct could also satisfy any of the discharge exceptions of Section 523.

In this case, by contrast, the arbitrators concluded that Debtor was liable to

Plaintiff for negligent misrepresentation – a liability that *ipso facto* and by definition is not intentional misconduct excepted from discharge under Section 523 of the Bankruptcy Code – the *scienter* requirement for discharge exceptions under Section 523 cannot be satisfied through a negligence finding or standard. The arbitration panel's sole basis for liability in and of itself should be sufficient to distinguish *Clem* from this case.

Lest there be any doubt, in this case (unlike *Clem*) the AAA arbitration award contained extensive findings and conclusions explaining and supporting Debtor's liability for negligent misrepresentation and this Court is not left to guess whether Plaintiff actively pursued its fraud-based claims in the arbitration proceeding or what provisions of the DTPA and debtor's conduct created the liability to the plaintiff. This is not a case where "we really have no evidence that the Plaintiffs-Creditors fully and vigorously litigated common law fraud claims" or whether "creditors such as Plaintiffs-Creditors here choose not to put on full evidence of fraud when they see that they can easily make a case under the more consumer-friendly statue of DTPA". The arbitration record in this case is clear that the Plaintiff vigorously (but unsuccessfully) sought to prove its claims for fraud, fraud by omission, and fraudulent inducement – Plaintiff cannot relitigate that failed effort under the guise of a Section 523 discharge objection.

**D.    The Arbitration Award is "Final" for Purposes of Collateral Estoppel**

Plaintiff argues that the AAA arbitration award cannot serve to collaterally estop its Section 523 discharge objections because it is not "final" as to Debtor. Plaintiff is mistaken – first, because under Texas law a "final judgment" for purposes of collateral estoppel does not require mutuality of parties and second, because the "interim award" issued by the AAA panel in this case finally disposed of the discrete liability and

damages issues addressed by that award.

Plaintiff's *Response* and arguments blatantly ignore both the "final arbitration award" and "final judgment" entered against Jacob F. Watters on account of the claims Plaintiff asserted against both Debtor and Mr. Watters, claims for which the AAA arbitration panel found joint and several liability. The "final arbitration award" and "final judgment" entered against Watters are more than sufficient for collateral estoppel as Mr. Watters was clearly in privity with Debtor in the proceeding and collateral estoppel does not require mutuality so long as privity is present.[7] In *Eagle Properties*, the Texas Supreme Court was clear that mutuality is not required: "Therefore, the Directors, TCB, First Republic and Peat Marwick are not barred from asserting collateral estoppel by a requirement of mutuality; it is sufficient that Eagle and Branum were both parties in *FDIC v. Eagle*." Likewise, it is sufficient here that the final arbitration award and the state court's final judgment on account of that arbitration award were entered against Mr. Watters.

Moreover, regardless of whether mutuality is required, collateral estoppel does not require a "final" judgment or award as to Debtor when only costs and attorneys' fees remain to be determined – all that is required is that the "award" represent the "final determination" of a discrete issue and is not subject to change or revision by the arbitrators.[8] That is precisely the case here where the Debtor's liability to Plaintiff and the amount of that liability – two discrete issues that were not subject to change by the

---

[7] *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714 (Tex. 1990); *Benson v. Wanda Petroleum*, 468 S.W.2d 361 (Tex. 1971).

[8] *Hart Surgical, Inc. v. UltraCision, Inc.*, 244 F.3d 231, 236 (1st Cir. 2001) (finality of interim award as to liability in bifurcated arbitration proceeding); *Manion v Nagin*, 392 F.3d 294, 296 (8th Cir. 2004) (finality of interim award reserving ruling on ancillary issues of costs and attorney's fees); *The Crawford Group v*

arbitrators in subsequently awarding Plaintiff's requested costs and attorneys' fees – were finally decided by the panel. That "interim award" was sufficiently "final" as to those two discrete issues to invoke collateral estoppel.[9]

"[F]or purposes of collateral estoppel, a judgment may be final even though an appeal is pending or a lower court has yet to fully dispose of the matter from which the issue arises."[10] Likewise, a judgment or decree confirming an arbitration award operates as a prior final judgment.[11] The "interim award" issued by the AAA panel in this case later became a "final award" and was thereafter "confirmed" and made the subject of a "final judgment" in the Dallas County state court.[12] Moreover, even an unconfirmed arbitration award is sufficient for collateral estoppel and thus the "interim award" issued against Debtor is sufficient in this case.[13]

## Conclusion

For the foregoing reasons, the Court should grant Debtor's *Motion for Partial Summary Judgment* and enter summary judgment in favor of Debtor and against Plaintiff denying Plaintiff's objections to discharge under Section 523 of the Bankruptcy Code.

---

*Holecamp*, 2007 WL 844819 (E.D. Mo. 2007).
[9] *Guion v. Sims (In re Sims)*, 479 B.R. 415, 422–23 (Bankr.S.D.Tex.2012).
[10] *Id*.
[11] *Milliken v. Grigson*, 986 F. Supp. 426, 431 (S.D. Tex. 1997), *aff'd* 158 F.3d 583 (5th Cir. 1998).
[12] *Appendix*, Pages 979, 980; Exhibit 7 – *Final Judgment*
[13] *Viking Dynamics, Ltd. v. O'Neill (In re O'Neill)*, 260 B.R. 122, 125 (Bankr. E.D. Tex. 2001); *In re Marx*, 171 B.R. 218 (Bankr. N.D. Tex. 1994).

Dated: July 6, 2020    Respectfully submitted,

/ s / John P. Lewis, Jr.
John P. Lewis, Jr.
Texas State Bar No. 12294400
Hayward & Associates, PLLC
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
Telephone & Facsimile: 972-755-7106
Email: jplewis@haywardfirm.com


Christopher J. Moser
Texas State Bar No. 14572500
Quilling Selander Lownds Winslett & Moser, PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: 214-880-1805
Facsimile: 214-871-2111
Email: cmoser@qslwm.com

Attorneys for William Berry Dean, III
Defendant/Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, a true and correct copy of the foregoing *Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion for Partial Summary Judgment* was served by email attachment and electronic transmission through the Court's ECF noticing system on (a) Rakhee V. Patel, Esq. and Jason Enright, Esq., Winstead, P.C., 500 Winstead Building, 2728 N. Harwood, Dallas, Texas 75201, and (b) Julie Pettit, Esq., The Pettit Law Firm, 2101 Cedar Springs, Suite 1540, Dallas, Texas 75201, Attorneys for Plaintiff, Reticulum Management, LLC.

/s/ John P. Lewis, Jr.
John P. Lewis, Jr.