Rakhee V. Patel
State Bar No. 00797213
Jason A. Enright
State Bar No. 24087475
WINSTEAD PC
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
Email: rpatel@winstead.com
Email: jenright@winstead.com

Julie Pettit
State Bar No. 24065971
The Pettit Law Firm
2101 Cedar Springs, Suite 1540
Dallas, Texas 75201
Tel. (214) 329-0151
Fax. (214) 329-4076
jpettit@pettitfirm.com

**ATTORNEYS FOR RETICULUM MANAGEMENT, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** § § § § § § § | | **Case No. 19-31232-sgj7** |
| **WILLIAM BERRY DEAN, III** | | **Chapter 7** |
| Debtor. | | |
| **RETICULUM MANAGEMENT, LLC,** § § § § § § § § § § § | | |
| Plaintiff, | | |
| vs. | | **Adversary No. 19-03242** |
| **WILLIAM BERRY DEAN, III,** | | |
| Defendant. | | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE STACEY G. C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:

Comes Now, Reticulum Management, LLC ("Reticulum" or the "Plaintiff"), and files this reply in support of its motion for partial summary judgment seeking dismissal of William Berry

Dean, III's ("Dean" or the "Defendant") fifth, sixth, and seventh affirmative defenses as well as his counterclaim, and in support thereof, would respectfully show the Court the following:

## I.    Argument & Authorities

**A.    Plaintiff is entitled to summary judgment on Defendant's fifth affirmative defense.**

1.    Defendant's fifth affirmative defense is inclusive of "*res judicata*, collateral estoppel, issue preclusion, and claims preclusion." *See* Doc. 14 at 10. As explained in Plaintiff's Brief, res judicata, also referred to as claim preclusion, is not applicable to adversary proceedings. *See* Pl.'s Br. at 9. Defendant has not challenged this point, instead arguing solely that collateral estoppel, also known as issue preclusion, is applicable. Since Plaintiff has established that Defendant's reliance on res judicata and claims preclusion is misplaced, and since Defendant has seemingly abandoned these defenses, the Court should dismiss them with prejudice.

2.    Next, Plaintiff is likewise entitled to summary judgment on Defendant's defenses of collateral estoppel and issue preclusion. To support these defenses, Defendant relies entirely on his argument and evidence submitted in his motion for partial summary judgment and supporting brief. *See* Response at 3. Indeed, Defendant adopted and incorporated by reference the arguments and authorities contained in his motion for summary judgment and supporting brief and similarly referred the Court to the evidence contained in his appendix thereto. Plaintiff therefore incorporates herein by reference *its* response to Defendant's motion for partial summary judgment and its supporting brief and appendix. *See* Docs. 49, 50, and 51. For the reasons stated both in Plaintiff's Motion[1] and in its response to Defendant's motion for partial summary judgment,

---

[1] The term "Motion" as used herein refers collectively to Plaintiff's Motion for Partial Summary Judgment and supporting brief filed as Docs. 30 and 31, respectively.

Defendant's defenses of collateral estoppel and issue preclusion should be dismissed with prejudice.

**B.    Plaintiff is entitled to summary judgment on Defendant's sixth affirmative defense.**

3.    Defendant's sixth affirmative defense is inclusive of "offset, recoupment, credits, [and] payments," and yet Plaintiff focuses entirely on the one satisfaction rules as the basis for this defense. Defendant therefore impliedly abandoned its defenses of offset, recoupment, credits, and payment, and the Court should dismiss these defenses with prejudice.

4.    As for the one satisfaction rule, Defendant has submitted no evidence showing that Plaintiff has recovered any amount for its Claim.[2] Defendant's evidence on this point consists entirely of settlement documents in connection to a Texas state lawsuit between Plaintiff and Russell Watters. Included in those documents is a "Bill of Sale/Assignment of Right" (the "Bill of Sale") whereby Mr. Watters purchased "Claim 41" which was asserted by Plaintiff against Total Operating, LLC ("Total Operating") in Bankruptcy Case No. 16-70245-hdh7. *See* Doc. 47-1 at 23. The purchase price was $325,000 and the sale was otherwise on and subject to the conditions contained in the Bill of Sale. *See id.*

5.    Defendant, without further identifying Claim 41, then argues that Plaintiff's Claim against Defendant must be reduced by this $325,000 purchase price. While Defendant fails to explicitly connect Claim 41 with Plaintiff's Claim here, even if the Court assumes a connection for the sake of argument, Defendant fails to acknowledge that Plaintiff's Claim against Defendant, and which is now the subject of this adversary proceeding, was excluded from the sale:

---

[2] The term "Claim" as used herein refers to Claim No. 4 filed in the claims register for Defendant's bankruptcy case under Case No. 19-31232.

> 6. This Bill of Sale does not include any recoveries that Reticulum may at any point in time (present or future), receive from Jacob Watters or Barrett Dean individually. Buyer shall have no claim to any rights Reticulum may have to recover from Jacob Watters or Barrett Dean arising from the arbitration (AAA Case No. 01-17-0006-8709) or form the 'severed' claims upon which judgment was entered in Cause No. DC-19-05004 against Jacob Watters.

*See* Doc. 47-1 at 23. In other words, the $325,000 was explicitly not for Defendant's debt to Plaintiff, which is the basis for Plaintiff's Claim in Defendant's bankruptcy case.

6. In any event, the larger conceptual problem with Defendant's argument is that the one satisfaction rule is to prevent multiple recoveries for the same injury. Yet the Bill of Sale was not a recovery, it was a sale. Claim 41 in the Total Operating bankruptcy case was transferred to Mr. Watters and was not reduced. Hence, Plaintiff agreed in the Bill of Sale that if it received "funds subject to the assigned Right, [Plaintiff] will pay such sums to Buyer within 10 days of receipt of same." *See* Doc. 47-1 at 20. In contrast, the settlement of the causes of action asserted between Mr. Watters and Plaintiff in the state court lawsuit involved no exchange of money. *See id.* at 14. In sum, even if Plaintiff had sold its Claim to Mr. Watters (and, to be clear, Plaintiff did ***not*** do so), then this would be an issue of standing and not of one satisfaction.

7. Ultimately, there simply is no evidence that Plaintiff has received any money toward its Claim. The evidence submitted by Defendant is a settlement agreement which, on its face, evidences no exchange of money, and a Bill of Sale which shows a purchase of a different claim. Accordingly, the Court should dismiss Defendant's sixth affirmative defense with prejudice.

**C.     Plaintiff is entitled to summary judgment on Defendant's seventh affirmative defense.**

8. Defendant, without explanation, states in his response that his sixth and seventh affirmative defenses are based on the one satisfaction rule. *See* Response at 4. However,

Defendant's seventh affirmative defense states only: "Plaintiff has failed to mitigate any damages it alleges it this proceeding despite having the opportunity to do so prior to Defendant's bankruptcy case." Doc. 14 at 11. Additionally, it is unclear how the one satisfaction rule and the defense of failure to mitigate intersect. Courts are not required to search the record for fact issues precluding summary judgment. *See Roberson v. McDonald Transit Associates, Inc.*, 574 Fed. Appx. 323, 325 (5th Cir. 2014). Here, Defendant has failed to point to any evidence supporting the elements of his mitigation defense. Accordingly, the Court should dismiss Defendant's seventh affirmative defense with prejudice.

**D.    Plaintiff is entitled to summary judgment on Defendant's counterclaim.**

9.    Defendant presents two arguments as to why summary judgment on his counterclaim, which is an objection to Plaintiff's Claim, should be denied: (1) Plaintiff's "settlement" with Russell Watters, and (2) Plaintiff's contention that the Interim Award is not a final order, having collateral estoppel effect.

10.    First, Plaintiff has already explained that its sale of Claim 41 the Total Operating bankruptcy case does not reduce its Claim in Defendant's bankruptcy case. The face of the Bill of Sale says as much. Defendant's mischaracterization of a transaction that he was not even a party to is not competent evidence that can prevent summary judgment.

11.    Second, the Court may apply collateral estoppel to the amount in an arbitration award but also make its own independent findings for purposes of section 523 of the Bankruptcy Code. *See, e.g., Data Mountain Solutions, Inc. v. Giordano (In re Giordano)*, 472 B.R. 313, 330 (Bankr. E.D. Va. 2012). Defendant made clear in his answer that, should Plaintiff contend that the Interim Award did not have preclusive effect, Defendant objects to Plaintiff's Claim as to both liability and amount because he alleges Plaintiff's Claim is unenforceable under applicable state

law and the Bankruptcy Code. *See* Doc. 14 at 13. In other words, Defendant alleges that if he loses on his collateral estoppel affirmative defense, he should still win because Plaintiff's Claim is based on the Interim Award, and the Claim is unenforceable under applicable law. Plaintiff moved for summary judgment on this theory because Defendant describes a "Catch-22" that does not exist. The Court may consistently refuse to give the Interim Award preclusive effect and may still allow the Claim, and refuse to discharge a debt, based on that award. *See e.g., In re Clem*, 583 B.R. 329, 384 (Bankr. N.D. Tex. 2017); *see also Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1137 (5th Cir. 1991) (recognizing that "[t]he application of collateral estoppel from arbitral findings is a matter within the broad discretion" of a federal district court). In any event, Defendant did not otherwise respond to Plaintiff's argument that a failure of Defendant's collateral estoppel defense does not defeat Plaintiff's Claim as a matter of law.

12. As the only theories underlying Defendant's counterclaim either lack evidentiary support or are legally incorrect, the Court should dismiss Defendant's counterclaim with prejudice.

## II. Conclusion & Prayer

For the foregoing reasons, the Court should grant Plaintiff's motion for partial summary judgment and dismiss Defendant's counterclaim and his affirmative defenses of res judicata, collateral estoppel, issue preclusion, claims preclusion, offset, recoupment, credits, payment, and the single satisfaction rule. Plaintiff prays for all such further relief to which it may be justly entitled.

Respectfully submitted,

By: */s/ Julie Pettit*
Rakhee V. Patel
State Bar No. 00797213
Jason A. Enright
State Bar No. 24087475
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Phone)
(214) 745-5390 (Facsimile)
rpatel@winstead.com
jenright@winstead.com

**-and-**

Julie Pettit
State Bar No. 24065971
The Pettit Law Firm
2101 Cedar Springs, Suite 1540
Dallas, Texas 75201
Tel. (214) 329-0151
Fax. (214) 329-4076
jpettit@pettitfirm.com

**ATTORNEYS FOR RETICULUM MANAGEMENT, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record *via ECF* on July 10, 2020.

/s/ *Julie Pettit*
Julie Pettit