



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 3, 2021**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| WILLIAM BERRY DEAN, III | § | Case No. 19-31232 (SGJ) |
|     Debtor. | § | |
| | § | |
| RETICULUM MANAGEMENT, LLC | § | |
|     Plaintiff. | § | |
| | § | |
| v. | § | Adv. Pro. No. 19-03242 |
| | § | |
| WILLIAM BERRY DEAN, III | § | |
|     Defendant. | § | |
| | § | |
| v. | § | |
| | § | |
| RETICULUM MANAGEMENT, LLC | § | |
|     Counter-Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER GRANTING</u>
## <u>DEBTOR'S/DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 248]</u>

## I.     <u>INTRODUCTION</u>

William Berry Dean, III (the "Debtor" or "Dean") is the Debtor in the above-referenced Chapter 7 case and also the Defendant in the above-referenced adversary proceeding (the "Adversary Proceeding"). The Adversary Proceeding was filed on December 22, 2019, by Reticulum Management, LLC (the "Plaintiff" or "Reticulum"), a Texas Limited Liability Company. Reticulum purports to be a creditor of Dean, by virtue of an interim arbitration award entered on December 3, 2018 (the "Interim Arbitration Award"). The Interim Arbitration Award was issued shortly before Dean filed bankruptcy on January 9, 2019. In the Interim Arbitration Award, a three-arbiter panel (the "Arbitration Panel"), after a three-day trial, awarded Reticulum $500,000.00 in damages, plus entitlement to reimbursement of attorney's fees, expenses, and costs of the arbitration. The basis for the damages was the tort of negligent misrepresentation. Apparently, Reticulum proved to the Arbitration Panel's satisfaction all elements of a cause of action for negligent misrepresentation—although the findings of the Arbitration Panel were not very detailed. In any event, the negligent misrepresentations were allegedly made by both Dean and a colleague, Jacob F. Watters ("Watters")—both co-defendants in the arbitration action—and they pertained to a business that they and others operated called Total Operating, LLC, in which Reticulum had invested funds.[1] To be clear, Reticulum's contractual arrangements were entirely with Total Operating, LLC (not with Dean or Watters). Notably, the Arbitration Panel additionally found that there was insufficient evidence to establish various *__fraud__* claims that Reticulum had asserted—but again, the findings of the Arbitration Panel were sparse in this regard. In any event,

---

[1] The Interim Arbitration Award states that Defendant made negligent misrepresentations to Reticulum concerning the actual financial condition of Total Operating and its likelihood of survival, the so-called Jetta project, the likely availability of proceeds from the Jetta project, and the intended use of both the funds that would be coming from Reticulum and the proceeds from the Jetta project in connection with the Sale and Buyback Agreement.

the Arbitration Panel determined that Dean and Watters should be jointly and severally liable to
Reticulum—essentially for the amount that Reticulum had invested in Total Operating, LLC. As
earlier noted, Dean filed Chapter 7 bankruptcy before the Interim Arbitration Award became final.
However, on March 12, 2019, the Arbitration Panel issued a Final Arbitration Award against
Watters, after having severed Dean out of the arbitration action due to his bankruptcy case (and
the automatic stay thereof). Watters later himself filed a Chapter 7 case after the Final Arbitration
Award against him, and his case is pending before Bankruptcy Judge Michelle Larson (the
"Watters Bankruptcy Case").

In this Adversary Proceeding, Reticulum has objected to the Debtor's global discharge
pursuant to 11 U.S.C § 727(a)(2)-(a)(5) and has also objected to Reticulum's individual claim
being discharged pursuant to 11 U.S.C. § 523(a)(2) & (6). ECF No. 1. The Debtor answered and
also brought a counterclaim objecting to Reticulum's proof of claim. The Adversary Proceeding
has been through numerous rounds of motions to dismiss, motions for summary judgment, a
motion for judgment on the pleadings, interlocutory appeals, and several discovery disputes.
Reticulum recently dismissed its section 523 claims and now is only seeking a judgment denying
the Debtor a global discharge under section 727. ECF. No 233. Due to recent events in the Watters
Bankruptcy Case—specifically, a ruling by Judge Larson in a section 523 adversary proceeding
brought by Reticulum against Watters (the "Watters Adversary Proceeding")—Dean asked
permission and was granted leave by this court to pursue the current, new motion for summary
judgment that is now pending before the court ("New MSJ").

In the New MSJ, Dean seeks summary judgment: (a) first, on his objection to Reticulum's
proof of claim—arguing that Reticulum's claim against Dean is barred due to collateral estoppel,
as a result of a recent *Final Judgment* and *Memorandum Opinion* of Bankruptcy Judge Larson in

*Reticulum Management, LLC. V. Jacob F. Watters*, Adv. Proc. No. 20-3088, issued on or about August 24, 2021, in the Watters Adversary Proceeding (the "Judge Larson Ruling")—and (b) second, that Reticulum's section 727 claims must be dismissed for lack of standing, assuming Reticulum's claim is disallowed, since a party whose claim has been conclusively disproved cannot object to a debtor's discharge. *Stanley v. Vahlsing (In re Vahlsing)*, 829 F.2d 565 (5th Cir. 1987); *Geisler v. Pansegrau (In re Pansegrau)*, 180 B.R. 468 (Bankr. N.D. Tex. 1995). Reticulum, not surprisingly, objects to the New MSJ, arguing that Reticulum's proof of claim is beyond attack by virtue of the Interim Arbitration Award it received prepetition against Dean. And, since it has a claim by virtue of that Interim Arbitration Award, it has standing to pursue its section 727 objection.

For purposes of the New MSJ, there are no material facts in dispute. The issue before the court is solely one of law—is Reticulum now precluded from asserting a claim against Dean because of adverse findings made against Reticulum in the Watters Adversary Proceeding and the doctrine of collateral estoppel? Or, on the contrary, does the Interim Arbitration Award have a superior preclusive effect that operates to bar Dean from attacking Reticulum's proof of claim? Basically, this court is presented with "dueling" estoppel theories.

## II.   JURISDICTION

Bankruptcy subject matter jurisdiction exists in this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This is a statutory core proceeding, pursuant to 28 U.S.C. §157(b)(2)(A), (B), (J), and (O); thus, the bankruptcy court has statutory authority to enter a final order. Moreover, the court has determined that it has Constitutional authority to enter a final order in this matter, since the parties in this matter have both consented to entry of a final order by this court. *Wellness*

*Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1949 (2015).  Finally, venue is proper before this court, pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate whenever a movant establishes that the pleadings, affidavits, and other evidence available to the court demonstrate that no genuine issue of material fact exists, and the movant is, thus, entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006); *Lockett v. Wal-Mart Stores, Inc.*, 337 F. Supp. 2d 887, 891 (E.D. Tex. 2004).  A genuine issue of material fact is present when the evidence is such that a reasonable fact finder could return a verdict for the non-movant. *Piazza's Seafood World, LLC*, 448 F.3d at 752 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Material issues are those that could affect the outcome of the action.  *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002), *cert. denied*, 537 U.S. 1188 (2003). The court must view all evidence in a light most favorable to the non-moving party, Reticulum, and summary judgment is only appropriate where the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891 & *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## VI.   THE UNDISPUTED SUMMARY JUDGMENT EVIDENCE[2]

For efficiency, this court incorporates herein by reference its own *Memorandum Opinion and Order Regarding: (I) Plaintiff's Motion for Partial Summary Judgment [ECF No. 30]; and (II) Defendant's Motion for Partial Summary Judgment* that this court entered on August 4, 2020

---

[2] Note that, in determining the merits of a motion for summary judgment, the court also has discretion to take judicial notice of all documents filed with this court.  *See Goldberg v. Craig (In re Hydro-Action, Inc.)*, 341 B.R. 186, 188 (Bankr. E.D. Tex. 2006) (citing Fed. R. Evid. 201(b), (f)).

[ECF No. 67], *In re Dean*, 620 B.R. 271 (Bankr. N.D. Tex. 2020) (the "First Summary Judgment Ruling"). The First Summary Judgement, along with the "Introduction" set forth above, set forth all material facts. Additionally, the court essentially incorporates by reference the Judge Larson Ruling from the Watters Adversary Proceeding which was part of the summary judgment record herein and can be found at Adv. Proc. No. 20-3088 [ECF No. 102-103].

## V.    <u>LEGAL ANALYSIS</u>

In this New MSJ—as with this Adversary Proceeding historically—the preclusion arguments are complex and ubiquitous. While the parties now frame the current dispute as being all about the doctrine of collateral estoppel—arguing different viewpoints on whether and how the doctrine applies—this court concludes that there are layers of preclusion doctrines that apply here to the parties' arguments.

(a) *Preclusion Doctrine Number 1:  Judicial Estoppel.*

The first preclusion doctrine that seems to apply is judicial estoppel. Specifically, Reticulum has argued that the Interim Arbitration Award has preclusive effect and sets forth a $500,000+fees and interest claim in its favor that is legally unassailable at this point. While acknowledging that the claim derives from an ***Interim*** Arbitration Award and not a ***final*** one, Reticulum argues that this is of no genuine significance, since there would have been no way for Dean to set aside the Interim Arbitration Award—even if the arbiters committed legal error of some sort. Reticulum cites to the various arbitration statutes and cases that make it hard to set aside an arbitration award except in the rarest of circumstances. Dean, on the contrary, argues that the Interim Arbitration Award cannot be used by Reticulum to conclusively establish its claim against Dean because the law is clear that only ***final*** judgments and arbitration awards have preclusive effect. To elaborate, Reticulum could have filed a motion to lift the automatic stay in

the Dean bankruptcy case early on, asking the bankruptcy court for permission to return to the Arbitration Panel and ask for a final arbitration award to be liquidated and entered—but Reticulum did not. Moreover, Reticulum previously argued to this court that the Interim Arbitration Award should **not** be given preclusive effect for purposes of the **no-fraud findings** of the Arbitration Panel—an argument that this court accepted in Reticulum's favor. *See* the First Summary Judgment Ruling. It is this latter fact that presents a problem now for Reticulum.

It seems to this court that the doctrine of ***judicial estoppel*** should prevent Reticulum from now arguing that this court should give the Interim Arbitration Award ***some*** preclusive effect when Reticulum earlier argued that this court should give it none. Under the doctrine of judicial estoppel, a party who makes a statement in a pleading, deposition, oral testimony, or affidavit in a judicial proceeding is judicially estopped from maintaining a contrary position in subsequent proceedings. "Unlike equitable estoppel, judicial estoppel is not grounded in the elements of detrimental reliance or injury in fact, but it arises from positive rules of procedure based on justice and sound public policy." *Kosick v. Texas*, 2007 WL 2460351. *7 (Tex.App. – Fort Worth 2007) (internal citations omitted). "The doctrine of judicial estoppel prohibits parties from deliberately changing positions according to the exigencies of the moment; it is designed to protect the integrity of the judicial process." *Peoples State Bank v. General Electric Capital Corp. (In re Ark-La-Tex Timber Co.)*, 482 F.3d 319, 332 (5th Cir. 2007). "Because the doctrine [of judicial estoppel] is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applies is not necessary." *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir. 1999). The policy behind judicial estoppel is to prevent "internal inconsistency, [preclude] litigants from playing fast and loose with the courts." *Id.* at 206. Judicial estoppel is typically applied when "intentional self-contradiction" is being used by

a litigant as a means to obtain an unfair advantage. *Id.* "Statements made in a previous suit by an attorney before the court can be imputed to a party and subject to judicial estoppel." *Hall v. GE Plastic Pacific PTE Ltd.,* 327 F.3d 391, 396 (5th Cir. 2003).

The Fifth Circuit has recognized three factors that courts employ in determining whether to apply the doctrine of judicial estoppel: (1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept the party's earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *In re Ark-La-Tex Timber Co.*, 482 F.3d at 333. The court should resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake. *Id.* The Fifth Circuit "has never held that judicial estoppel is appropriate when a party's change of position is merely implied rather than clear and express." *In re Condere Corp.*, 226 F.3d 642 (5th Cir. 2000). Finally, the "judicial acceptance" requirement does not mean that that party against whom judicial estoppel is asserted prevailed, but only that the party made an argument with the explicit intent to induce the court's reliance and the court accepted the argument as the party's position. *Hall*, 327 F.3d at 398-99.

On balance, this court concludes that the doctrine of judicial estoppel now precludes Reticulum from arguing that the Interim Arbitration Award is unassailable and has preclusive effect so as to establish Reticulum's proof of claim. Reticulum's current position is clearly inconsistent with its earlier position at earlier contested motions in this Adversary Proceeding, and Reticulum succeeded in persuading the court to accept its earlier position in this Adversary Proceeding. Specifically, the court refused to grant Dean a judgment on the pleadings on the section 523 counts, based on Reticulum's compelling argument that the Interim Arbitration Award

(and its no-fraud finding therein) should not be given any preclusive effect in this Adversary Proceeding. Therefore, Reticulum was allowed to pursue its section 523 claims in this Adversary Proceeding for months (despite the no-fraud finding in the Interim Arbitration Award) until Reticulum decided to dismiss them. It would impose an unfair detriment on Dean if Reticulum were allowed to advance this new position that the Interim Arbitration Award has preclusive effect in establishing that Reticulum has a claim, after Dean has had to defend in this Adversary Proceeding for months, after Reticulum's opposite argument earlier in this Adversary Proceeding.

(b) *Preclusion Doctrine No. 2: Res Judicata.*

Even if this court is in error in determining that judicial estoppel should prevent Reticulum from arguing that the Interim Arbitration Award has preclusive effect to establish it has a claim against Dean, the doctrine of ***res judicata*** still presents a problem for Reticulum. In other words, even if Reticulum's prior inconsistent legal arguments before this court are not a problem for it, Reticulum still has a problem in that, in essence, it is arguing that the Interim Arbitration Award is ***res judicata*** as to its $500,000+ claim.

Res judicata, otherwise known as "claim preclusion," literally means "the thing has been decided." It is the principle that a ***final*** judgment of a competent court is conclusive upon the parties in any subsequent litigation involving the same cause of action. Elements are: (1) the parties are identical in both actions; (2) the court had competent jurisdiction at the time it issued its order in the first action; (3) the order was final in the first action; and (4) the same claims and causes of action are involved in both actions. Courts have determined that an arbitration award can have res judicata effect, same as a court judgment, but the law is crystal clear that the award or judgment must be final. Here, there were identical parties in the arbitration and this Adversary Proceeding, the arbitration panel had competent jurisdiction or authority at the time it issued its

award, the same claims were involved in both the arbitration action and this Adversary Proceeding—*i.e.*, the claims, if any, of Reticulum against Dean—but the critical fourth element that the order was ***final*** in the first action is missing.  While Reticulum's argument has some facial appeal—*i.e.,* that this court should regard the Interim Arbitration Award as "final," since there would have been little any party or court could have done other than to confirm the Interim Arbitration Award and make it final—the fact is that the Interim Arbitration Award was ***not*** final.  Moreover, Reticulum had it fully within its power to seek stay relief from this court to go back to the Arbitration Panel to ask for a final award, but Reticulum, for whatever reason, chose not to.  In summary, res judicata is not available here so as to make the Interim Arbitration Award binding and conclusive proof that Reticulum has a claim against Dean.

(c) *Preclusion Doctrine No. 3:  Collateral Estoppel.*

This brings the analysis to the most confounding part of all: the application (or not) of ***collateral estoppel***.  Specifically, Dean argues that not only should the Interim Arbitration Award not be given any effect, but that he need not even have to litigate his objection to Reticulum's proof of claim at this point.  Why?  Because Reticulum's proof of claim is solely based on the tort of negligent misrepresentation.  And one of the elements of negligent misrepresentation is that the complaining party (*i.e.,* Reticulum) ***justifiably relied*** on whatever misrepresentation is alleged to have been made to it.   Dean points to the Judge Larson Ruling in which she adjudicated Reticulum's section 523 nondischargeability action against Dean's business colleague, Watters (in the Watters Adversary Proceeding).   In that opinion, Judge Larson, after a trial that lasted well over a week and involved numerous witnesses including Dean (twice), Watters, and Reticulum's principals, determined that Reticulum did not meet its burden of proof on any of its section 523 causes of action, ***and Judge Larson spent approximately six pages addressing the lack of any***

*"justifiable reliance" on the part of Reticulum's officers*.  Justifiable reliance is not only a necessary element of establishing a ***fraudulent*** misrepresentation for purposes of section 523, but it is also a necessary element of establishing a ***negligent*** misrepresentation.  To reiterate, the Judge Larson Ruling states: "the Court finds that neither Mr. Brown nor Mr. Durham [*i.e.,* the Reticulum principals] could prove that they justifiably relied on any representation made to them."  *Id.* at 30. The Judge Larson Ruling goes on to state: "Justifiable reliance turns upon the plaintiff's own capacity and knowledge, or the knowledge with which the plaintiff may be fairly charged to have from the facts within his . . . observation in light of his . . . individual case. [Citations omitted.] Here, Mr. Brown and Mr. Durham were presented with a company in the midst of a liquidity crisis. The situation was plainly described to them in the Presentation.  From receipt thereof, the Court finds that Mr. Brown and Mr. Durham can be fairly charged with knowledge of the 'cash crunch' at Total Operating. Their subsequent failure to investigate the circumstances further is inconsistent with their knowledge, skill, and experience in financial transactions.  Therefore, the Court finds that neither Mr. Brown not Mr. Durham justifiably relied on any representation made to them." *Id*.

So, the question now is whether this ***finding of fact*** made in the Judge Larson Ruling (which is final and not subject to any appeal) has ***collateral estoppel effect*** in this Adversary Proceeding so as to preclude any finding by this court of justifiable reliance on the part of Reticulum.  Again, justifiable reliance is an element of negligent representation—which is the basis for Reticulum's proof of claim—just as justifiable reliance is an element of a fraudulent misrepresentation tort which Judge Larson was adjudicating.

Collateral estoppel applies where "(1) the facts sought to be litigated in a second action were fully and fairly litigated in an earlier action; (2) those facts were essential to the judgment in

the first action; and (3) the parties were cast as adversaries in the first action." *Gupta v. Eastern Idaho Tumor Institute, Inc. (In re Gupta)*, 394 F.3d 347, 351 n.4 (5th Cir. 2004). Each condition must be met in order for collateral estoppel to apply. Three additional sub-factors are important in determining whether the facts of the first action were fully and fairly litigated: "(1) whether the parties were fully heard, (2) whether the court supported its decision with a reasoned opinion, and (3) whether the decision was subject to appeal or was in fact reviewed on appeal." *State Farm Fire and Cas. Co. v. Fullerton*, 118 F.3d 374, 382 (5th Cir. 1997).

Application of collateral estoppel does not require complete identity of the parties. "The federal principle of collateral estoppel precludes re-litigation of an adversely decided issue by a party who has once had a full and fair opportunity to litigate the issues, regardless of whether his present adversary was a party to the lawsuit." *Meadows v. Chevron, U.S.A., Inc.*, 782 F. Supp. 1189, 1193 (E.D. Tex. 1991) (quoting *Willis v. Fournier*, 418 F. Supp. 265, 266 (M.D. Ga.), aff'd, 537 F.2d 1142 (5th Cir.1976)); *see also Ackerman v. Am. Airlines, Inc.*, 924 F. Supp. 749, 752 (N.D. Tex. 1995) ("Non-mutual defensive collateral estoppel bars a plaintiff from litigating the same issue against successive defendants after that issue has been decided adversely to that plaintiff."). "Collateral estoppel will apply in a second proceeding that involves separate claims if the claims involve the same issue . . . and the subject matter of the suits may be different as long as the requirements for collateral estoppel are met." *In re Devoll,* No. 15-50122-CAG, 2015 WL 9460110, at *3 (Bankr. W.D. Tex. Dec. 23, 2015) (citation omitted).

Again, collateral estoppel applies if: (i) the issue at stake is identical to the one involved **in** the prior action; (ii) the issue was actually litigated in the prior action; and (iii) the determination of the issue in the prior action was a necessary part of the judgment in the prior action. *Sheerin v. Davis (In re Davis)*, 3 F.3d 113, 114 (5th Cir. 1993).

This court concludes that all necessary elements of collateral estoppel are satisfied in this Adversary Proceeding by the Judge Larson Ruling. Here, both this Adversary Proceeding and the Judge Larson Adversary Proceeding require a determination of whether Reticulum justifiably relied upon any false representations by Dean and Watters. Even though Reticulum has now dismissed its section 523 objections in this Adversary Proceeding, justifiable reliance is still an issue because of Dean's objection to Reticulum's proof of claim based on negligent misrepresentation, for which justifiable reliance is an essential element. The issue of "justifiable reliance" thus remains in this Adversary Proceeding because of Dean's counterclaim objecting to the Reticulum proof of claim. To be clear, "justifiable reliance" was fully litigated in the Watters Adversary Proceeding, and the determination of that issue was a necessary part of the Judgment denying Reticulum's objection to the dischargeability of its claim in that proceeding. Judge Larson's determination is therefore entitled to collateral estoppel effect in this Adversary Proceeding. Reticulum litigated its discharge issues, including the issue of justifiable reliance in connection with its fraud claims asserted under section 523 in the Watters Adversary Proceeding and the Judgment entered in that proceeding denied all those objections. The Judge Larson Ruling specifically found and concluded that Reticulum "failed to show justifiable reliance by a preponderance of the evidence." Ex. 5 at 32, APP-088. Reticulum was a party to the Watters Adversary Proceeding, and the Judge Larson Ruling should control and govern any findings or conclusions regarding Reticulum's claims against Dean in this case.

## VI.   <u>CONCLUSION</u>

There is no doubt that the identical issue of Reticulum's required justifiable reliance was fully and fairly litigated before Judge Larson and while, different claims are at issue here—i.e., negligent misrepresentation and not fraudulent misrepresentation—the issue is identical and was

a necessary part of the Judge Larson Ruling. Accordingly, Dean is entitled to summary judgment disallowing the Reticulum proof of claim since a necessary element of its claim based on negligent misrepresentation—*i.e.*, justifiable reliance on statements of Dean and Watters—has already been fully litigated and decided against him in the final Judge Larson Ruling.

Since this court is hereby disallowing Reticulum's proof of claim, Reticulum has no standing to pursue the section 727 action, under the Fifth Circuit authority of *Vahlsing*. So, summary judgment is also required dismissing the section 727 action.

Accordingly, it is

**ORDERED** that Dean is entitled to summary judgment against Reticulum on its objection to its proof of claim; and it is further

**ORDERED** that Dean is entitled to summary judgment that Reticulum has no standing to pursue the section 727 objection to discharge in this Adversary Proceeding; and it is further

**ORDERED** that Dean shall upload a Final Judgment that is consistent with this Memorandum Opinion and Order.

**\*\*\* END OF MEMORANDUM OPINION AND ORDER \*\*\***